**FILED**

March 11, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:    VJP

Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CAUSE NO.: **DR:26-CR-00614-EG** |
| | § | |
| | § | **I N D I C T M E N T** |
| v. | § | |
| | § | VIO: COUNT ONE: 8 U.S.C. § |
| JAFAR TAFAKORI, | § | 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I) & |
| | § | 1324(a)(1)(B)(i) Conspiracy to Bring an |
| | § | Alien to the United States; |
| | § | COUNTS TWO THROUGH SIX: 8 |
| | § | U.S.C. § 1324(a)(2)(B)(ii) & 18 U.S.C. |
| | § | § 2 Bringing an Alien to the United |
| | § | States for Financial Gain and Aiding and |
| | § | Abetting |
| | § | |

THE GRAND JURY CHARGES:

### INTRODUCTION

1.   JAFAR TAFAKORI is an Iranian national who resides in Colombia.  From at least December 1, 2022, through on or about May 15, 2024, JAFAR TAFAKORI, together with others, brought and attempted to bring large numbers of aliens to the United States at a place other than a designated port of entry.  These aliens were primarily Iranian nationals.

2.   As part of a conspiracy to bring aliens to the United States, JAFAR TAFAKORI coordinated with co-conspirators to provide shelter, transportation, and in some cases, purchase airline tickets, in exchange for payment, between approximately $2,000 and $30,000, for the aliens to travel through South and Central America, Mexico, and finally to the United States border. Once there, the aliens were directed to illegally enter the United States.

## COUNT ONE

Beginning on or about December 1, 2022, and continuing through on or about May 15, 2024, in the Western District of Texas, and elsewhere, the Defendant,

JAFAR TAFAKORI,

did knowingly and intentionally combine, conspire, confederate and agree with others, to bring to, and to attempt to bring to the United States, in any manner whatsoever an alien, knowing that a person is an alien, at a place other than a designated port of entry and place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken with respect to such alien, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).

## COUNT TWO

Beginning on or about December 1, 2022, and continuing through on or about December 9, 2022, in the Western District of Texas, and elsewhere, the Defendant,

JAFAR TAFAKORI,

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, M.S.N., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

2

## COUNT THREE

Beginning on or about December 1, 2022, and continuing through on or about December 9, 2022, in the Western District of Texas, and elsewhere, the Defendant,

**JAFAR TAFAKORI,**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, F.G., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FOUR

Beginning on or about December 1, 2022, and continuing through on or about December 9, 2022, in the Western District of Texas, and elsewhere, the Defendant,

**JAFAR TAFAKORI,**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, R.S.N., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FIVE

Beginning on or about December 1, 2022, and continuing through on or about December 9, 2022, in the Western District of Texas, and elsewhere, the Defendant,

### JAFAR TAFAKORI,

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, A.S.N., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT SIX

Beginning on or about August 1, 2023, and continuing through on or about October 15, 2023, in the Western District of Texas, and elsewhere, the Defendant,

### JAFAR TAFAKORI,

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, A.A., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

4

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### [*See* FED. R. CRIM. P. 32.2]

**I.**
### Immigration Violations and Forfeiture Statute
**[Title 8 U.S.C. § 1324(a)(1)(A)(i), (a)(1)(A)(v)(I), (a)(1)(B)(i) and (a)(2)(B)(ii)
subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)(A)]**

As a result of the criminal violations set forth above, the United States of America gives

notice to the Defendant of its intent to seek the forfeiture of certain property, upon conviction and

as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 982(a)(6)(A) which

states:

> **Title 18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) … of the Immigration and Nationality Act … shall order that the person forfeit to the United States, regardless of any provisions of State law—
>> **(i)** any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
>> **(ii)** any property real or personal—
>>> **(1)** that constitutes or derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense for which the person is convicted; or
>>> **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

**II.**
### Money Judgment

**Money Judgment:** A sum of money equal to the value of the proceeds from the immigration violations for which each Defendant is solely liable.

**III.**
### Substitute Property

If any proceeds from the immigration violations, as a result of any act or omission of the

Defendants—

**(A)** cannot be located upon the exercise of due diligence;
**(B)** has been transferred or sold to, or deposited with, a third party;

5

**(C)** has been placed beyond the jurisdiction of the court;

**(D)** has been substantially diminished in value; or

**(E)** has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of each Defendant,

up to the value of each money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p)

and FED. R. CRIM. P. 32.2(e).

A TRUE BILL

FOREPERSON

JUSTIN R. SIMMONS
United States Attorney

By: _____
Adrian Rosales
Assistant United States Attorney

A. TYSEN DUVA
Assistant Attorney General
Criminal Division
Department of Justice

By: _____
Bethany Allen
Trial Attorney
Human Rights and Special Prosecutions Section

6